IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CRYSTAL HARRIS**  **CIVIL COMPLAINT NUMBER:**
**KADEYJA DIXON-FOWLER**

      V.

**LAWRENCE KRASNER**
**PATRICIA CUMMINGS**
**BRIAN KEAN**
**DANIELLE OUTLAW**
**CITY OF PHILADELPHIA, et al.**

## CIVIL COMPLAINT

In August 2020, Plaintiff, Philadelphia Police Officer Crystal Harris ("Officer Harris"), attended a hearing at the Criminal Justice Center as a result of her duties as a Philadelphia Police Officer. While reviewing the file Officer Harris learned the Philadelphia District Attorney's Office ("DAO") had supplied the criminal defense attorney a copy of a disciplinary complaint filed against Officer Harris in 2014. This document, which the defendants knew were false, was submitted in an effort to tarnish and smear Officer Harris' reputation as a Police Officer. The disciplinary complaint was a result of Officer Harris' daughter being sexually molested by her biological father from the age six (6) to the age of fourteen (14), when Officer Harris learned of the molestation and filed criminal charges against her daughter's father. The father was subsequently arrested and convicted and sentenced prison and placed on the Megan's Law registry. In retaliation, the father

1

lodged a fabricated disciplinary complaint against Officer Harris, alleging abuse of power in 2014. The disciplinary complaint was investigated by the Internal Affairs Bureau ("IAB") of the Philadelphia Police Department ("PPD"), which resulted in Officer Harris being cleared of any wrongdoing. The defendants used this disciplinary complaint to smear Officer Harris, and have the charges dropped against a defendant in a job related court case. The complaint was not redacted in any matter and included the name of her daughter (victim of molestation). This action has traumatized Officer Harris and reopened her daughter's wounds from this traumatic episode of her life. When Officer Harris complained to the DAO and attempted to have the disciplinary complaint removed, they did not respond. In October 2020, Officer Harris learned the disciplinary complaint had not been removed. Officer Harris continued to complain to the DAO and PPD to have the items immediately removed. As a result the defendants' retaliated against her. In May of 2021, Officer Harris learned the DAO placed her on the "Do Not Testify" list without due process for complaining about the document that has inflicted so much emotional distress on her and her daughter. This precluded her from making any arrest. As a result, Officer Harris has been placed on restricted desk duty. This has caused an immeasurable amount of emotional and financial harm to Officer Harris and her daughter. The actions of the defendants caused Officer Harris and her daughter to undergo extensive medical interventions to treat their emotional

trauma, which may not be reversed. Officer Harris can no longer perform her duties as a Philadelphia Police Officer. Officer Harris' reputation has also been tarnished to the extent she cannot apply for employment elsewhere because she now has the label of a "dirty cop". This label was placed around her neck for all to see by the defendants. These retaliatory and egregious actions by the defendants were against a mother trying to protect their child are abhorrent.

## JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

**FEDERAL QUESTION BASIS**

**42 USC 1983**

### FIRST AMENDMENT RETALIATION (42 USC 1983)

The defendants retaliated against Plaintiffs after they exercised their constitutionally protected First Amendment Rights.

### FOURTEENTH AMENDMENT DUE PROCESS (42 USC 1983)

The defendants did not afford the plaintiffs their constitutionally protected Fourteenth Amendment Due Process Rights.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The defendants intentionally inflicted emotional distress on the plaintiffs for exercising their constitutionally protected rights.

### DEFAMATION

The defendants' actions have defamed the character of the plaintiffs

### CONSPIRACY

The defendants acted in concert to violate the plaintiffs constitutionally protected rights.

### RELIEF

The plaintiffs seek ten million US dollars in damages.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____  
Crystal Harris

Pro Se Plaintiff

Date: 3-2-22

_____  
Kadeyja Dixon-Fowler

Pro Se Plaintiff

Date: 3-2-22

5449 Charles St  
Phila. Pa. 19124

mrs.arharris1219@gmail.com